IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY JOSEPH PIERRE,** | : | CIVIL NO. 1:07-CV-1998 |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **UNITED STATES ATTORNEY** | : | |
| **GENERAL, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Johnny Joseph Pierre ("Petitioner"), a federal inmate presently detained at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241. He is serving a ninety-five month term of imprisonment for reentry of a deported alien in violation of 18 U.S.C. § 1326(a)(b)(2) imposed by the United States District Court for the District of New Jersey. (Doc. No. 10-2, at 13.) He challenges the manner in which the Federal Bureau of Prisons ("BOP") has calculated his sentence. Specifically, he states that "[t]he Federal Bureau of Prisons can and should consider my request for time served at state facility be counted for on federal sentence for illegal reentry after removal." (Doc. No. 1, at 7.) For the reasons set forth below, the petition will be denied.

## I. BACKGROUND

On September 10, 1997, as a direct result of Petitioner's May 1995 conviction in New Jersey Superior Court for possession of a controlled dangerous substance with the intent to distribute within 1,000 feet of a school, he was deported from the United States to Haiti. (Doc. No. 10-2, at 7, Attachment to Declaration of John A. Farrar ("Farrar Declaration"), BOP Correspondence/Policy Specialist at the Designation and Sentence Computation Center in Grand

Prairie, Texas.)  Thereafter, he reentered the United States.  In June 2002, he was again arrested in New Jersey.  (Doc. 10-2, at 4, ¶ 6, Farrar Declaration.)  He pled guilty in New Jersey Superior Court to possession of a controlled dangerous substance with the intent to distribute within 1,000 feet of a school and was sentenced to five years imprisonment.  (Doc. 10-2, at 7, Attachment to Farrar Declaration.)  He was paroled from this sentence on August 19, 2004.  (Id. at 8.)

On the same day of his release from New Jersey state custody, Petitioner was arrested by federal authorities and charged with illegal reentry of a deported alien, in violation of 18 U.S.C. § 1326(a)(b)(2).  (Id. at 11.)  Following a jury trial in the United States District Court for the District of New Jersey, he was found guilty of illegal reentry.  (Id. at 13.)  On September 11, 2006, he was sentenced to a prison term of ninety-five months.  (Id. at 14.)

Petitioner's sentence was computed by the BOP as commencing on September 11, 2006, the date he was sentenced.  He was awarded prior custody credit from August 20, 2004 to September 10, 2004, for a total credit of 752 days.  (Id. at 18.)  His current projected release date, which includes good conduct time, is July 13, 2011.  (Id.)

**II.   DISCUSSION**

Pursuant to 18 U.S.C. § 3585, the Attorney General of the United States is responsible for computing federal sentences for offenses committed on or after November 1, 1987.  However, the Attorney General has delegated this authority to the Director of the BOP.  See 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); United States v. Wilson, 503 U.S. 329, 331-32 (1992).  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence commences, and (2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence.  18 U.S.C.

§ 3585(b).

    Section 3585(a) provides as follows:

    (a) Commencement of sentence.- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).  A federal sentence cannot commence prior to the date it is imposed.  18 U.S.C. § 3585(a); United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998).

    In the instant case, it is undisputed that Petitioner's sentence commenced on September 11, 2006, the date Judgment was imposed in the United States District Court for the District of New Jersey.  However, Petitioner seeks to have the New Jersey State Facility where he was incarcerated prior to his federal arrest designated as the facility for service of his federal sentence.  This argument is without merit.  Designation of a state facility only applies when a concurrent federal sentence is imposed upon an inmate in primary state custody.  In such circumstances, the BOP will calculate the prisoner's federal sentence to have commenced on the date the federal court imposed it, and it will designate the state correctional institutional as the facility for service of the inmate's federal sentence.  See 18 U.S.C. § 3584(a); 18 U.S.C. § 3621(b); BOP Program Statement 5880.28.  At the time of sentencing, Petitioner was in the sole and primary custody of the BOP.  Consequently, designation of a state facility was not an option. Even if designation were available to Petitioner, under no circumstances would the sentence have commenced prior to the date of imposition, September 11, 2006.

    The second step in computing a federal sentence is to determine the amount of credit, if any, an inmate should receive for time spent in custody prior to the commencement of his federal sentence. Section 3585(b) provides as follows:

>(b) Credit for prior custody.-A defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>>(1) as a result of the offense for which the sentence was imposed; or
>>
>>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner was properly awarded prior custody credit for the time period of August 20, 2004, the day after he was paroled from his New Jersey State sentence, through September 10, 2006, the day before he was sentenced on the federal charge. No additional credit is warranted. The last clause of section 3585 provides that time spent in custody cannot be credited toward a federal sentence if it was credited toward a non-federal sentence. 18 U.S.C. § 3585(b); see also Chambers, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. Therefore, even if the federal charges were pending while he was serving his state sentence, he would not be able to receive credit because that time was already credited toward his New Jersey state sentence. Accordingly, the petition will be denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHNNY JOSEPH PIERRE,** | : | **CIVIL NO. 1:07-CV-1998** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **UNITED STATES ATTORNEY** | : | |
| **GENERAL, et al.,** | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 13th day of November 2008, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability.

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania